UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAHADU SAYIBU, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1244-B |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| CENTER AT DALLAS, et. al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Parkland Health and Hospital System's Motion for Summary Judgment (doc. 50). A hearing on the Motion was held in this Court on November 19, 2010. For the reasons addressed in the hearing, incorporated by reference herein, and discussed below, the Court finds that the Motion should be and hereby is **GRANTED.**

I.

BACKGROUND

Plaintiff Shahadu Sayibu ("Sayibu") is from Ghana and graduated from medical school in Turkey. (Def.'s Br. Mot. Summ. J. 4). He was accepted into UT Southwestern's Family Medicine Residency Program in 2008, which involved entering into an employment contract with Dallas County Hospital District ("Parkland"). (*Id.*). Although Sayibu's contract was with Parkland, he was exclusively supervised by UT Southwestern faculty. (*Id.* at 6.). Shortly after Sayibu began his medical residency, UT Southwestern faculty members expressed concerns about Sayibu's competency as a physician. (*Id.* at 8.). After a series of efforts to improve Sayibu's clinical skills, UT

- 1 -

Southwestern determined that it was necessary to discharge him from the program. (*Id.*). Because Sayibu's employment contract with Parkland was contingent upon him remaining in good academic standing with UT Southwestern, Sayibu's discharge from the residency program also resulted in Parkland terminating his employment contract. (*Id.*).

Sayibu filed this action in the 14th Judicial District Court of Dallas County, Texas on May 29, 2009. It was removed to this Court on July 1, 2009. The complaint alleges, *inter alia*, that Parkland breached its contract with Sayibu by failing to investigate the alleged acts of race discrimination committed by UT Southwestern. (Pl.'s Compl. ¶ 33). Parkland filed its Motion for Summary Judgment on May 10, 2010. The motion being ripe, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-movant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case. *Id*; *Little,* 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' …by 'conclusory allegations,'…by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr* (200 F.3d 291, 302 (5th Cir. 2000). The court will not make credibility determinations, weigh the evidence, or draw inferences but instead confine its inquiry to facts material under the governing legal standard. *Anderson*, 477 U.S. at 255. In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant.

## III.

## BREACH OF CONTRACT

To establish a breach of contract claim under Texas law, the plaintiff bears the burden of proving: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the agreement; and (4) the plaintiff's resulting damages. *See Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App. – Houston [1st Dist.] 2003, pet. denied). At the summary judgment stage, Parkland bears the burden of proving the absence of a genuine issue of material fact on these elements. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine issue exists for trial, the court must view all of the

evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371-72 (5th Cir. 2002).

In this case, the breach of contract claim turns on whether a valid agreement existed requiring Parkland to investigate and intervene in claims by Sayibu that UT Southwestern was discriminating against him. In his complaint, Sayibu alleges that Parkland breached the contract when it failed to investigate or intervene on UT Southwestern's decision to discharge him. (Pl.'s Compl. ¶ 33). Sayibu asserts that Parkland had an obligation to intervene based on Paragraph 11 of the Employment Agreement, which guarantees a workplace free from discrimination and harassment, and based on Parkland's Employee Handbook, which states Parkland has a policy to investigate harassment allegations. (Pl.'s Resp. Br. Mot. Summ. J. 13-14).

The Court finds no language within the four corners of the Employment Agreement indicating Parkland and agreed to intervene and prevent or remedy acts of employment discrimination committed by UT Southwestern, an entity not party to the contract. Sayibu fails to raise any issue of material fact as to whether the Employment Agreement obligates Parkland to investigate employment discrimination claims on Sayibu's behalf. Moreover, the Employment Agreement conditioned Sayibu's employment on remaining in good academic standing with UT Southwestern. (App. to Def.'s Br. Mot. Summ. J. at 50). Because he failed to satisfy this requirement, Sayibu's breach of contract claim fails as a matter of law. See *Regent Int'l Hotels*, 704 S.W. 2d 101, 103 (explaining that no liability for breach arises where express conditions are not fulfilled exactly as required).

Sayibu also asserts a breach of contract claim under 42 U.S.C. §1981. It is settled law in the

5th Circuit that an individual cause of action under §1981 cannot be brought against a governmental entity like Parkland. *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 463 (5th cir. 2001) (deciding not to imply a remedial cause of action against local government entities under §1981); *Scott v. Dallas County Hospital District*, 2010 WL 71038 (N.D. Texas Jan. 7, 2010) (dismissing §1981 claim against Parkland because Parkland is a governmental entity). Thus, Sayibu's §1981 claim does not raise a genuine issue for trial, and summary judgment in favor of Parkland is appropriate.

## IV.

## CONCLUSION

Because Sayibu has failed to raise a genuine issue of material fact on any of its claims against Parkland, Parkland's Motion for Summary Judgment should be and hereby is **GRANTED.**

**SO ORDERED.**

**SIGNED** November 22, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE