UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAHADU SAYIBU, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1244-B |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| CENTER AT DALLAS, et. al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Madelyn Pollock's Motion for Summary Judgment (doc. 64). A hearing on the Motion was held in this Court on November 19, 2010 at 9 a.m. For the reasons addressed in the hearing and discussed below, the Court finds that the Motion should be and hereby is **GRANTED.**

## I. BACKGROUND

Plaintiff Dr. Shahadu Sayibu ("Sayibu") was accepted into UT Southwestern's Family Medicine Residency Program in 2008 (Def.'s Br. Mot. Summ. J. 2.). Dr. Madelyn Pollock ("Pollock") is the Director of UT Southwestern's Family Medicine Residency Program. (*Id.* at 1.).

Sayibu's residency was to consist of a series of rotations, beginning with a rotation through Pediatrics Inpatient at Children's Medical Center. (*Id.* at 3.). Within a few weeks, the Pediatrics faculty informed Pollock that Sayibu was failing to perform at the level of a first-year resident. (*Id.*). Several Pediatrics faculty members shared concerns about Sayibu's abilities to work without supervision, to ensure patient safety, to communicate with patients and staff, and to apply his

medical knowledge to clinical situations. (*Id.*). Faculty members further indicated that Sayibu did not respond well to feedback, and struggled to follow instructions. (*Id.*). The Pediatrics faculty terminated Sayibu's rotation ten days early, and Pollock placed Sayibu in Family Medicine for a two-week remediation rotation. (*Id.* at 4.). Despite receiving extra feedback and attention from his supervisors, Family Medicine faculty indicated Sayibu continued to struggle with basic skills including patient diagnosis, prescription writing, and medical records keeping. (*Id.* at 4-5.). These deficiencies led Sayibu to be discharged from the program. (*Id.* at 5.).

Sayibu filed this action in the 14th Judicial District Court of Dallas County, Texas on May 29, 2009. It was removed to this Court on July 1, 2009. The complaint alleges, *inter alia*, that Pollock is liable for defamation based on the following:

- Sayibu alleges that Pollock made the statement, "What type of medical school did you go to?" in the presence of other residents. (Pl.'s Am. Compl. ¶ 33).

- Sayibu alleges that Pollock made the statement, "What did they teach you there?" in the presence of other residents. (*Id.*).

- Sayibu alleges that the Accreditation Council for Graduate Medical Education ("ACGME") received a copy of his dismissal letter from Pollock, and that the letter stated Sayibu was "unable to complete the simplest task independently." (Pl.'s Am. Compl. ¶ 34).

In his Response to Pollock's Motion for Summary Judgment, Sayibu alleges two other claims of defamation. First, Sayibu alleges that Pollock accused him of "faking" physical findings on a patient's chart. (Pl.'s Resp. to Def.'s Mot. Summ. J. 8). Because this claim does not appear in the Complaint, and because it was established at the hearing that Pollock was not afforded an

opportunity to conduct discovery on this claim, Sayibu will not be permitted to pursue it in this action.

Pollock filed her Motion for Summary Judgment on June 30, 2010. The motion being ripe, the Court now turns to the merits of its decision.

## II. LEGAL STANDARDS

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-movant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case. *Id*; *Little,* 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ...by 'conclusory allegations,'...by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). The

non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr* (200 F.3d 291, 302 (5th Cir. 2000). The court will not make credibility determinations, weigh the evidence, or draw inferences but instead confine its inquiry to facts material under the governing legal standard. *Anderson*, 477 U.S. at 255. In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant.

### III. DEFAMATION

To prevail on a defamation claim under Texas law, the plaintiff must establish: 1) that the defendant published a statement; 2) that the statement was defamatory and concerned the plaintiff; 3) that the defendant acted with actual malice (if defendant is a public official) or negligence (if the plaintiff is a private individual). *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

Unsupported allegations of defamation are insufficient to overcome a summary judgment motion. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th cir. 1992)(finding that plaintiffs must support their claims with affidavits, depositions, or other corroborating evidence in order to defeat summary judgment); *Miller v. Bunce*, 60 F. Supp. 2d 620, 626 (S.D. Tex. 1999)(finding that summary judgment should be granted where plaintiff failed to present any corroborating evidence of the defamatory statements), *aff'd*, 220 F.3d 584 (5th Cir. 2000).

Sayibu's only evidence suggesting Pollock made defamatory statements about his medical education and capabilities as a doctor comes from his own letter reacting to his dismissal. (App. to Pollock's Br. Mot. Summ. J. at 318**.).** There are no affidavits from the residents in front of whom the comments were allegedly made, or from any other witnesses. Based solely on the

summary judgment evidence, no reasonable jury could find Sayibu established the necessary elements for his defamation claim.

Sayibu does present evidence the ACGME received a copy of Pollock's dismissal letter. However, the summary judgment evidence establishes that Sayibu himself mailed this letter to the ACGME. (Def.'s App. Mot. Summ. J. 323.). At the hearing, Sayibu admitted to having no evidence Pollock forwarded a copy of the dismissal letter to the ACGME. Under Texas law, a plaintiff cannot prevail on a defamation claim if he self-published the statement knowing it was defamatory. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 914 (5th Cir. 2000). Thus, Sayibu's defamation claim based on the dismissal letter fails as a matter of law.

Even if Sayibu had presented sufficient corroborating evidence of his allegations, the defamation claims fail as a matter of law. All of the allegedly defamatory statements constitute Pollock's opinions about Sayibu's abilities. Only assertions of fact are potentially actionable defamation claims; expressions of opinion are not. *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989). Courts have recognized that it is especially important to protect subjective opinions in the residency context. E.g., *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022 at 1035 (5th Cir. 1997); *Miller v. Bunce*, 60 F.Supp. 2d 620, 626-7 (S.D. Tex. 1999). As the Director of the Family Medicine Residency Program, Pollock is responsible for training residents to become competent physicians, and identifying individuals unfit to practice medicine. To that end, she must be able to offer candid, subjective opinions about the skills of the residents under her supervision without fear of being held liable for them.

## IV. CONCLUSION

Because Sayibu's defamation claims fail as a matter of law, and because Pollock's subjective

assessments of Sayibu are protected expressions of opinion, the Court finds that Pollock's Motion for Summary Judgment should be and hereby is **GRANTED.**

SO ORDERED.

SIGNED December 17, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE